RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0196P (6th Cir.)
File Name: 01a0196p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 99-6689

JAMES MITCHELL CLINGAN,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 99-00036—R. Allan Edgar, Chief District Judge.

Argued: May 1, 2001

Decided and Filed: June 19, 2001

Before: NORRIS and COLE, Circuit Judges; STEEH,
District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Nikki C. Pierce, FEDERAL DEFENDER
SERVICES, Greeneville, Tennessee, for Appellant. Wayne
A. Rich, Jr., ASSISTANT UNITED STATES ATTORNEY,

_____

[*]The Honorable George Caram Steeh, United States District Judge
for the Eastern District of Michigan, sitting by designation.

1

Chattanooga, Tennessee, for Appellee. **ON BRIEF:** David F. Ness, FEDERAL DEFENDER SERVICES, Chattanooga, Tennessee, for Appellant. Wayne A. Rich, Jr., ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

————————

## OPINION

————————

GEORGE CARAM STEEH, District Judge. Defendant appeals the district court's decision that he was not entitled to a reduction in his base offense level pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(2), which allows a defendant's base offense level to be reduced to level six if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection." Because the defendant regularly bartered cars for guns and later sold the guns for profit, we **AFFIRM** the finding of the district court that defendant did not possess the guns solely for collection.

On May 11, 1999, Defendant was indicted on three counts of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count One alleged that Defendant, a convicted felon, possessed a Mossberg 12 gauge shotgun on or about July 8, 1997. Count Two alleged Defendant, a convicted felon, possessed a Sears 30-30 rifle on or about July 8, 1997. Count Four alleged Defendant, a convicted felon, possessed a loaded European American Arms pistol on or about July 11, 1997. Count Three sought confiscation and disposal of the rifle pursuant to 18 U.S.C. § 3665. Count Five sought confiscation of the pistol and ammunition pursuant to 18 U.S.C. § 3665. On September 16, 1999, Defendant entered a plea of guilty to Counts One, Two and Three. Defendant was sentenced on December 13, 1999 to 24 months imprisonment followed by three years of supervised release, was fined $4,000.00, and was ordered to pay a $200.00 special assessment.

Defendant's sole assertion of error is that the district court should have reduced his base offense level from fourteen[1] to six pursuant to U.S.S.G. § 2K2.1(b)(2), which provides in pertinent part: "If the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6."  Defendant argues that § 2K2.1(b)(2) applies here because he collected firearms in exchange for used automobiles, then sold the firearms to pawn shops to generate cash.

A district court's factual findings in relation to the application of the Sentencing Guidelines are reviewed under a "clearly erroneous" standard, while the district court's legal conclusions are reviewed de novo. *United States v. Talley*, 164 F.3d 989, 1003 (6th Cir. 1999) (citing *United States v. Garner*, 940 F.2d 172, 174 (6th Cir.1991)).  Defendant does not contest the district judge's findings that he sold six firearms to pawn shops between April 15, 1997 and July 8, 1997, and possessed five unloaded shotguns, two unloaded rifles and assorted ammunition at his Chattanooga, Tennessee residence on July 11, 1997.  The seven firearms found in Defendant's home were stored in a gun cabinet, while the ammunition was found throughout the house.  Defendant conceded on appeal that none of the firearms he sold or possessed were of any special value.

The United States Sentencing Commission's official commentary sets forth "relevant surrounding circumstances" to consider in applying U.S.S.G.§ 2K2.1(b)(2) to the facts of a given case:

> Under subsection (b)(2), "lawful sporting purposes or collection" as determined by the surrounding circumstances, provides for a reduction to an offense level of 6.  Relevant surrounding circumstances include

---

[1]*See* U.S.S.G. § 2K2.1(a)(6).

the number and type of firearms, the amount and type of ammunition, the location and circumstances of the possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.  Note that where the base offense level is determined under subsections (a)(1) - (a)(5), subsection (b)(2) is not applicable.

U.S.S.G. § 2K2.1, comment. (n. 10).   This court has previously applied a literal reading to the predecessor to § 2K2.1(b)(2), U.S.S.G. § 2K2.1(b)(1) (Nov. 1990), ruling that a felon did not possess firearms "solely" for collection purposes where it was shown that the felon used one of the guns from his collection for perceived self-defense purposes. *United States v. Kaplan*, No. 93-1033, 1994 WL 12313 at ** 4, (6th Cir. Jan. 18, 1994).   "'Solely' means 'SINGLY, ALONE . . . to the exclusion of alternate or competing things.'"   *Id*. (quoting *Webster's Third New International Dictionary* 2168 (1986)).

Here, defendant Clingan possessed thirteen firearms during the limited three month period of April 15, 1997 through July 11, 1997, and actually sold six of those firearms to pawn shops for the purpose of generating cash.   None of the weapons were antiques or of other special value.  Defendant did not collect the firearms solely for the purpose of amassing a gun collection, but for the competing purpose of converting used automobiles into currency by using firearms as bartering tools.  It is of no moment that Defendant intended to sell the firearms for the innocent purposes of financing a move out of state and paying for his mother's prescription drugs.  *See United States v. Wilson*, 878 F.2d 921, 924 (6th Cir. 1989) (applying a literal meaning to former § 2K2.1(b)(2) sentence reduction for possession of firearms "solely for sport or recreation", and affirming denial of sentence reduction where felon possessed firearm as collateral for an unpaid debt). Defendant did not possess the thirteen firearms solely for purposes of collection.   Accordingly, the decision by the

district court to deny Defendant a lower offense level under U.S.S.G. § 2K2.1(b)(2) is **AFFIRMED**.