Panel rehearing and rehearing
en banc denied by order filed
2/4/02

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 01-4501
(CR-01-24)

United States of America,

Plaintiff - Appellant,

versus

William Clifford Solomon, III,

Defendant - Appellee.

O R D E R

The court further amends its opinion filed December 17, 2001, and amended January 31, 2002, as follows:

On page 5, second full paragraph, line 3 -- the last sentence of text is corrected to end: "remand the case to the district court for resentencing in accordance with this opinion."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 01-4501
(CR-01-24)

_____

United States of America,

Plaintiff - Appellant,

versus

William Clifford Solomon, III,

Defendant - Appellee.

_____

O R D E R

_____

The court amends its opinion filed December 17, 2001, as follows:

On page 2, line 1 -- Counsel's name is corrected to read "Vincent L. Gambale."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellant,*

  v.                                             No. 01-4501

WILLIAM CLIFFORD SOLOMON, III,
  *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-01-24)

Argued: October 30, 2001

Decided: December 17, 2001

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and
Malcolm J. HOWARD, United States District Judge
for the Eastern District of North Carolina,
sitting by designation.

_____

Vacated and remanded by published opinion. Judge Motz wrote the
opinion, in which Chief Judge Wilkinson and Judge Howard joined.

_____

## COUNSEL

**ARGUED:** Alessandra DeBlasio, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellant. Douglas Adrien Steinberg, Alexandria, Virginia,
for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney,

Vincent L. Gambale, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

The Government challenges the district court's determination that William Solomon was entitled to an eight-level reduction in his offense level at sentencing for possessing a firearm "solely for lawful sporting purposes or collection." Because the record is devoid of any factual basis for the reduction, we vacate the sentence and remand the case for resentencing.

I.

On July 25, 2000, William Solomon sought to purchase an Intratec 9mm pistol at Woodbridge Gold & Jewelry, a pawn shop in Woodbridge, Virginia. Before Solomon could buy the weapon, he was required by law to submit to a criminal background check to establish that he could lawfully purchase the weapon. As part of this background check, Solomon had to complete Federal Bureau of Alcohol, Tobacco and Firearms (ATF) Form 4473, which asks whether an applicant has ever been convicted of a misdemeanor crime of domestic violence. Solomon answered "no" to this question, although in 1997 he had been convicted of a domestic violence misdemeanor — battering his live-in girlfriend.

After Solomon completed the Form 4473, Woodbridge Gold & Jewelry contacted the Virginia state police to obtain instant background verification, but the police provided no immediate response. Woodbridge Gold & Jewelry therefore advised Solomon that the law required a three-day wait — if the police had not responded with any disqualifying information by that time, Solomon could buy the pistol.

Four days later, on July 29, when Woodbridge Gold & Jewelry had still received no reply at all to the background inquiry, it sold the pis-

2

tol to Solomon. Sometime before August 8, however, the Virginia state police completed its background check on Solomon and learned of his prior domestic violence conviction. Solomon attempted two additional firearm purchases during August 2000[1] but was not permitted to purchase the firearms because police immediately notified these dealers that Solomon had failed the background check. On each Form 4473 that Solomon completed for these later attempts to purchase firearms, Solomon again answered "no" to the question of whether he had been convicted of a misdemeanor crime of domestic violence.

An ATF agent investigated and later interviewed Solomon, and Solomon admitted to providing false information on his July 25 ATF form. Ultimately, Solomon pled guilty to knowingly and unlawfully receiving and possessing the Intratec 9mm pistol, after having been previously convicted of a misdemeanor crime of domestic violence. *See* 18 U.S.C.A. § 922(g)(9) (1998).

The presentence report (PSR) submitted to the district court identified level 14 as the applicable base offense level for receipt and possession of a firearm by a "prohibited person," that is, a person convicted of a "misdemeanor crime of domestic violence." *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(6), § 2k2.1, cmt. n.6 (2000). The PSR also recommended an eight-level reduction to the base offense level, pursuant to § 2K2.1(b)(2), on the ground that the pistol had been possessed "solely for lawful sporting purposes or collection." The initial PSR neither provided nor identified any evidence to support the conclusion that Solomon possessed the pistol solely for lawful sporting or collection purposes.

Citing this absence of evidence, the Government objected to the PSR's recommendation that Solomon receive the "lawful sporting purposes and collection" reduction. Moreover, the Government proffered testimony from an ATF agent stating that both the kind of pistol in question (which the Government argued was a "Saturday Night Special") and Solomon's pawning of the firearm shortly after pur-

_____

[1] Solomon first attempted on August 8 to repurchase the same Intratec 9mm pistol from another pawn shop, where he had pawned it just days after purchasing it. Then, on August 22, Solomon attempted to purchase a High Point 9mm rifle from a third Woodbridge shop.

3

chase were inconsistent with possession solely for lawful sporting or collection purposes.

The probation officer responded to the Government's objection by submitting an addendum to the PSR. The addendum stated that a reduction under § 2K2.1(b)(2) seemed appropriate, notwithstanding the Government's contentions that the pistol was not a "collector's item" or "standard hunting weapon," because the ATF agent had admitted to the probation officer that he had no knowledge as to why Solomon purchased a weapon or that Solomon "used or intended to use the weapon in connection with any criminal offense."

At sentencing, the district court found that "[t]here is no evidence that this weapon has been used for any purpose" but also noted that "it is arguable that it's not a hunting weapon." Nonetheless, the district court applied the "lawful sporting purposes or collection" reduction, consistent with the PSR, because it found "no indication [the pistol] was used in connection with drugs, robbery or anything nefarious" and no evidence "that it could not have been used for collection purposes."

II.

The Government argues that no evidence supported the application of § 2K2.1(b)(2) to Solomon.[2] We agree.

Once the Government objected to the PSR, the district court was required to make specific findings of its own or adopt the findings of the probation officer in the PSR. *See* Fed. R. Crim. P. 32(c)(1) (2001). The only findings with respect to the "lawful sporting purposes or collection" reduction were that no evidence existed to show that the pistol had been "used" for "anything nefarious" or "any purpose." The plain text of § 2K2.1(b)(2), however, permits a reduction in offense

_____

[2] The parties also dispute whether the Government, as the party objecting to the PSR's recommendation, bore the burden of proving that Solomon was not entitled to the reduction. We do not reach this question, but note that every circuit to consider it has assigned to the defendant the burden of proving entitlement to a sentencing reduction.

4

level only if a firearm is possessed "*solely* for lawful *sporting purposes or collection*" — and no other purpose. *Id.* (emphases added).

Neither the district court nor the probation officer made any findings as to whether Solomon used the firearm "solely for lawful sporting purposes or collection."[3] In fact, the district court specifically disavowed such a finding, correctly noting instead that there was "no evidence that this weapon has been used for *any* purpose." (Emphasis added.) A finding as to the absence of proof of unlawful use cannot translate to, or equal, a finding that the firearm was used "solely for lawful sporting purposes or collection." Other lawful reasons exist to possess a firearm that are independent of "sporting purposes or collection," and even a sportsman or collector is not entitled to a reduction under § 2K2.1(b)(2) unless he possesses a firearm exclusively for sporting or collection purposes.

Because the record lacks any factual basis for the "lawful sporting purposes or collection" reduction, we must vacate Solomon's sentence and remand the case to the district court for resentencing in accordance with this opinion.

*VACATED AND REMANDED*

_____

[3] Solomon argues that the probation officer's determination to apply the eight-level reduction, in and of itself, supports or evidences a finding of fact by the probation officer on which the district court was entitled to rely. The contention is meritless. A probation officer's determination to recommend application of a given guideline, standing alone, does not constitute a finding of fact. *See, e.g.*, *United States v. McMeen*, 49 F.3d 225, 226 (6th Cir. 1995) ("The mere conclusion of the probation report is an insufficient basis for a finding that the evidence before the sentencing judge supports the proposition of fact asserted therein. Basic fairness requires that the evidence be identified and its reliability demonstrated.").