LUCERO, Circuit Judge.
Carlos Collins pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to eighteen months’ imprisonment, followed by twenty-four months’ su *1253 pervised release.[1] On appeal, Collins disputes only the calculation of his sentence, arguing that the district court erred in refusing to apply a reduction in base offense level applicable to defendants who “possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition.” U.S.S.G. § 2K2.1(b)(2). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Because we conclude that the district court failed to properly examine surrounding circumstances in determining whether the purpose behind Collins’s possession was solely a lawful, sporting one, as is required by the Sentencing Guidelines, we vacate Collins’s sentence and remand for resentenc-ing.
I
On November 21, 2000, Collins took his automobile to a repair shop in Blanding, Utah to have some repair work done. Finding himself without the means to pay for the repairs, Collins left his hunting rifle, a Winchester Model 700, 30-06, as security for payment. Three days later, Collins returned, paid the remaining $200 he owed on the car, and retrieved his rifle. On December 4, 2000, Collins returned to the repair shop for additional repairs and once again used his rifle as collateral for the balance of the debt owed. The rifle was eventually taken from the shop by FBI agents and Collins was arrested.
In May 2001, Collins pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the sentencing hearing, Collins moved for application of U.S.S.G. § 2K2.1(b)(2), which provides, in pertinent part:
If the defendant ... possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.
(emphasis added). U.S.S.G. § 2K2.1(b)(2), cmt. n. 10 further provides:
Under Subsection (b)(2), “lawful sporting purposes or collection” as determined by the surrounding circumstances, provides for a reduction to an offense level of 6. Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant’s criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.
(emphasis added). The district court denied Collins’s motion and applied the standard base offense level of fourteen, with a two-level reduction for acceptance of responsibility, resulting in a net offense level of twelve, criminal history category III. Collins received a sentence at the midpoint of the corresponding guideline range: eighteen months’ imprisonment, followed by twenty-four months’ supervised release. If § 2K2.1(b)(2) had been applied, Collins would likely have had a base offense level of six, and a net offense level of four, criminal history category III.
In denying Collins’s motion for application of the reduction, the district court focused on Collins’s. use of the gun as collateral, reasoning that use of the rifle to secure a promise to pay for automobile *1254 repairs precludes, of itself, application of the offense-level reduction allowed by § 2K2.1(b)(2) because it demonstrates that the purpose of possession was not “solely” a sporting one. Apart from the two instances in which Collins used the gun as collateral, there is no evidence to suggest that Collins’s purpose in possessing the gun was anything other than a lawful sporting one. He had a hunting permit from the Ute tribe and had been hunting with the weapon before. There was no evidence of any unlawful use.
We review the district court’s factual determinations for clear error, United States v. Dudley, 62 F.3d 1275, 1276 (10th Cir.1995), and its interpretation and application of the Sentencing Guidelines de novo, United States v. Mojica, 214 F.3d 1169, 1171 (10th Cir.2000). It is the defendant’s burden to show the applicability of U.S.S.G. § 2K2.1(b)(2). Dudley, 62 F.3d at 1276.
II
According to the government, because Collins used his rifle as collateral in two isolated instances to secure repairs to his automobile, he used his firearm in a manner inconsistent with possession “solely for lawful sporting purposes.” U.S.S.G. § 2K2.1(b)(2) (emphasis added). Under this reading of the provision, any legal non-sporting use, even in the broader context of an overall lawful sporting purpose, precludes application of § 2K2.1(b)(2). Thus, it is the government’s position that it is actual use that is largely determinative of whether § 2K2.1(b)(2) is applicable. According to this view, Collins’s inconsistent use transformed his purpose for possessing the gun and rendered § 2K2.1(b)(2) inapplicable. See United States v. Clingan, 254 F.3d 624, 626 (6th Cir.2001) (holding that the repeated sale of firearms was inconsistent with possession solely for collection because defendant used the firearms “for the competing purpose of converting used automobiles into currency by using firearms as bartering tools”). To the government, § 2K2.1(b)(2) is unambiguous and must be construed according to its plain meaning.
We disagree that the “plain meaning” of the provision leads to the result urged by the government. The text of the provision requires a defendant to show two things: (1) that the defendant “possessed all ammunition and firearms solely for lawful sporting purposes or collection” and (2) that he “did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition.” U.S.S.G. § 2K2.1(b)(2) (emphasis added). We note that the provision makes a distinction between possession and use; the provision must not be interpreted such that this distinction collapses, rendering part of the provision a nullity. See Oxy USA, Inc. v. Babbitt, 268 F.3d 1001, 1006 (10th Cir.2001) (stating that courts must avoid, “wherever possible, a statutory interpretation that would render superfluous other provisions in the same enactment” (quotation omitted)); see also Lamb v. Thompson, 265 F.3d 1038, 1051 (10th Cir.2001) (reiterating the “cardinal principle that it is our duty to give effect, if possible, to every clause and word of a statute rather than to emasculate an entire section” (quotations and alteration omitted)).
As to the first element, possession, the guideline does not indicate whether “purpose” is to be considered as of a particular moment or within the entire context of the defendant’s possession. However, comment ten to § 2K2.1(b)(2) indicates that “lawful sporting purposes” is to be determined by reference to “surrounding circumstances.” The language of the comment suggests that courts need to conduct *1255 a broad analysis of the factual context before determining whether the provision can be applied. Indeed, there would be no need to look to “surrounding circumstances” if any instance of legal, non-sporting use automatically rendered the provision inapplicable. Accordingly, we have stated that examination of surrounding circumstances “is mandated.” Mojica, 214 F.3d at 1173. The district court’s focus on the word “solely” in the first half of the provision eviscerates any distinction between possession and use and would render the second part of the provision redundant because any non-sporting use, lawful or otherwise, would preclude application of the provision.
Comment ten indicates that one aspect of “surrounding circumstances” is “actual use.” U.S.S.G. § 2K2.1(b)(2), cmt. n. 10. Accordingly, we have noted that actual or intended use is an important factor in determining the purpose of possession. Mojica, 214 F.3d at 1172. However, while the purpose of possession may be informed by actual use, the fact that a firearm has inherent monetary value that Collins exploited briefly on two occasions does not alter the nature of his purpose in possessing the firearm in the first place. Actual use is but one of the “surrounding circumstances” by which the meaning of “lawful sporting purpose” is to be evaluated. “[T]he application note requires the court to examine the. totality of the circumstances, including the specific circumstances of possession and actual use, rather than relying on a single factor to preclude application of the guideline.” Id. While consistent and repeated non-sporting use would suggest that one of the purposes of possession was a non-sporting one, precluding application of § 2K2.1(b)(2), that is not the case here. Momentary exploitation of a rifle’s inherent monetary value or physical properties within the broader context of possession for lawful sporting purposes should not, ipso facto, preclude application of the provision where the firearm has never been used as a firearm for offensive or defensive purposes, or for any unlawful purpose. As for the second element, unlawful use, it is uncontested that Collins did not use or discharge the firearm in an unlawful manner.[2]
This reading of § 2K2.1(b)(2) is consistent with the plain meaning and purpose of the provision. We have noted that this provision is “clearly intended to punish innocent possession and use of a firearm less severely, and improper use more severely.” Mojica, 214 F.3d at 1172 (quoting United States v. Jones, 158 F.3d 492, 501 (10th Cir.1998)). Mojica stands for the proposition that § 2K2.1(b)(2) should be read broadly to encompass circumstances that are consistent with the provision’s intent to provide a lesser punishment for possession of a firearm that is more benign. Even if § 2K2.1(b)(2) were ambiguous as applied to Collins’s situation, strictly ' construing any ambiguity in § 2K2.1(b)(2), which the district court appears to have done, is “grievous because refusing to consider the guideline as a result of a narrow interpretation results in a significantly higher base level .... ” Mo *1256 jico, 214 F.3d at 1174. Thus, any ambiguity cuts in favor of Collins.
While the government’s approach is not without support in the case law of our sister circuits, most of the cases cited by the government have taken a broader, more contextual approach to analyzing whether the purpose of possession was solely a lawful sporting one. In United States v. Clingan, 254 F.3d 624 (6th Cir.2001), for example, cited by the government for the proposition that any use for financial purposes precludes application of the reduction, the court looked to the surrounding circumstances and concluded that defendant’s overall purpose was financial. Because the defendant acquired thirteen firearms in a three-month period and sold six of them to pawnshops, it was clear that his purpose in possessing the firearms was to use them as bartering tools. Id. at 626. In United States v. Solomon, 274 F.3d 825, 828 (4th Cir.2001), the court stated that the provision “permits a reduction in offense level only if a firearm was possessed solely for lawful sporting purposes or collection — and no other purpose” (quotation and emphasis omitted). However, the case was remanded because there was no evidence in the “surrounding circumstances” that the gun in question (a 9mm pistol) was ever possessed for sporting or collection purposes. In the instant case, in contrast, there was ample evidence that the gun was acquired and used for hunting purposes. Thus, the cases cited by the government support the government’s argument in result (refusal to apply the reduction), but not in analytical method: they support the view that courts must look to the broad context of possession to determine whether application of the provision is precluded.
Ill
We conclude that the district court was incorrect to find that application of § 2K2.1(b)(2) was precluded by two instances of lawful, non-sporting use. On remand, the district court should look to “surrounding circumstances” to determine whether the purpose of Collins’s possession was solely a lawful sporting one and whether any use was unlawful. Collins’s sentence is VACATED and the case is REMANDED for resentencing.

. Collins is a felon, having pled guilty to a third-degree felony of theft in 1987 after stealing two saddles from a barn.

. We stress that, contrary to that which is suggested by the dissent, our reading of § 2K2.1(b)(2) does not render any lawful or innocent use subject to the reduction. Section 2K2.1(b)(2) is not a " ‘catchall guideline applicable to all innocent purposes for possessing a firearm.” Mojica, 214 F.3d at 1172. Rather, as stated herein, following the plain language of the statute, a court is to look to: (1) the purpose behind the defendant's possession; and (2) whether there is any unlawful use. While any unlawful use would automatically preclude application of the provision, lawful use may or may not, depending on the purpose of a defendant's possession, as determined by surrounding circumstances.