**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4622

LUKE R. FREDMAN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-01-81)

Submitted: March 12, 2003

Decided: March 28, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

H. David O'Donnell, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Luke R. Fredman appeals his conviction and sentence on a guilty plea of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9) (2000). Specifically, Fredman asserts the district court clearly erred in finding that he was not eligible for an adjustment under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(2) (2001), and further clearly erred in adjusting his offense level upward by two levels pursuant to USSG § 2K2.1(b)(1)(A), on the basis that his offense involved three firearms. For the reasons set forth below, we find Fredman's claims on appeal to be without merit.

According to the underlying facts of this case, Fredman pawned three shotguns, each on a different date, in October and November 1999. Two of the firearms were stolen, and Fredman entered pleas of guilty to grand larceny of a firearm for the two firearms in the Circuit Court of Shenandoah County. In the present case, Fredman was charged in connection with his possession of the firearm which was not stolen, based upon his previous conviction of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (2000).

Fredman faced an imprisonment sentence between thirty-seven and forty-six months, based upon total offense level of fifteen and a criminal history category of V. At the sentencing hearing, Fredman testified that he was a long-time hunter, that he never discharged the firearms unlawfully, that he never hunted out-of-season, and that he never threatened anyone with the three guns. He admitted he pawned all three firearms, that two of the firearms were not his, and that he received money for them.

The district judge declined to give Fredman the benefit of USSG § 2K2.1(b)(2), finding that Fredman had pawned three firearms, including the two that were stolen, and then adjusted Fredman's offense level upward by two levels pursuant to USSG § 2K2.1(b)(1)(A). The district court sentenced Fredman to thirty-seven months' imprisonment, to be followed by thirty-six months of supervised release.

This court reviews the district court's application of the Sentencing Guidelines under a due deference standard. We review the factual findings of the district court in relation to the application of sentencing guidelines under a clearly erroneous standard, and the district court's legal conclusions as to the application of the guidelines *de novo*. *United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989).

The applicability of USSG § 2K2.1(b)(2) to this appeal centers around the issue of whether Fredman possessed all three firearms "solely" for lawful sporting purposes or collection. Fredman asserts that the act of pawning the firearms, standing alone, is not sufficient to exclude him from eligibility for the reduction. The Government counters by claiming that Fredman's act in pawning the firearms constituted a use other than lawful sporting purposes or collection.

We find, without difficulty, that the plain language of § 2K2.1(b)(2), as well as the vast majority of the existing case law, support the district court's decision that Fredman is not eligible for the § 2K2.1(b)(2), reduction because he pawned the firearms. *See, e.g.*, *United States v. Solomon*, 274 F.3d 825, 829 (4th Cir. 2001); *see also United States v. Clingan*, 254 F.3d 624, 625 (6th Cir. 2001); *United States v. Miller*, 224 F.3d 247, 251 (3d Cir. 2000); *United States v. Gresso*, 24 F.3d 879, 881 (7th Cir. 1994). We reject Fredman's attempts to invoke the rule of lenity, the intentions of the Sentencing Commission, and Application Note 10 in the Commentary to § 2K2.1(b)(2), to support his position. Even though he may be a sportsman, Fredman is not entitled to a reduction under § 2K2.1(b)(2), because he did not possess the firearms exclusively for sporting or collection purposes.

In addition to the basis on which the district court denied Fredman the benefit of the § 2K2.1(b)(2) reduction, we note that a second basis exists to support the district court's denial of Fredman's request for a § 2K2.1(b)(2) reduction. Specifically, to qualify for the reduction, not only must Fredman have demonstrated that he used the firearms solely for hunting or collection purposes, he must also have demonstrated that he did not "otherwise unlawfully use" such firearms. § 2K2.1(b)(1)(2).* Because Fredman's two criminal convictions in

---

*USSG § 2K2.1(b)(2) provides for a reduction "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting pur-

state court for possession of a stolen firearm establish "unlawful use" of those two firearms under the language of § 2K2.1(b)(2), Fredman is precluded from the reduction.

Under either section of the guideline provision, Fredman has not established eligibility for the USSG § 2K2.1(b)(2) reduction. The district court did not clearly err in finding that Fredman's act of pawning three firearms, two of which were stolen, rendered him ineligible for the USSG § 2K2.1(b)(2) reduction.

Fredman's second and final claim on appeal is that the district court clearly erred in finding that his offense involved three firearms, and in increasing his offense level by two points under USSG § 2K2.1(b)(1)(A), based upon that finding. Application Note 9 to the Commentary for § 2K2.1(b)(1)(A) provides, in pertinent part, that the court should count those firearms unlawfully possessed for purposes of calculating the number of firearms under subsection (b)(1). Further, for the purposes of enhancement under § 2K2.1(b)(1), courts evaluate "relevant conduct" to assess the number of firearms that properly are included. *See, e.g.*, *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998); *see also* USSG § 1B1.1, comment. n.1(l).

Here, Fredman does not contest the fact that he possessed the three firearms during the same general time period. Because he was a prohibited person during the time of his possession of each of the three firearms, we find proper the district court's increase in Fredman's offense level under § 2K2.1(b)(1)(A). Fredman's claim on appeal that the fact that one of the firearms he pawned was not stolen is not relevant to the district court's assessment of the § 2K2.1(b)(1)(A) enhancement.

Accordingly, we affirm Fredman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

poses or collection, *and* did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." (Emphasis added).