F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES GREGORY PASEK,

    Defendant - Appellant.

No. 02-8085
(D.C. No. 02-CR-0044-02-J)
(D. Wyoming)

**ORDER AND JUDGMENT** [*]

Before **TACHA** , Chief Judge **, McKAY** and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant James Pasek was convicted by a jury in United States District Court for the District of Wyoming on charges of conspiracy to commit bank robbery, bank robbery and aiding and abetting a bank robbery, two counts of using a firearm and aiding and abetting use of a firearm during a crime of violence, theft of firearms and abetting the theft of firearms, conspiracy to use firearms during and in relation to a crime of violence, and felon in possession of a firearm. He was sentenced to 60 months imprisonment for the conspiracy to commit bank robbery; 125 months on the bank robbery, theft of firearms, conspiracy to use firearms during a crime of violence, and felon in possession charges, to be served concurrently; and five and twenty-five years, respectively, on the two counts of using a firearm during a crime of violence, to be served consecutively to all other terms of conviction. In total, Defendant was sentenced to 485 months imprisonment. Additionally, he was sentenced to a total of five years of supervised release, $11,664.52 in restitution, and $700 in special assessments.

Filing a brief *pro se*, Defendant challenges the calculation of his sentence under the Sentencing Guidelines on several grounds relating to criminal history and offense level points. In addition, his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), noting that in his view, after a careful and conscientious review of the case, there were no meritorious grounds to go

forward with an appeal. Counsel moves to withdraw from the case, and Defendant moves to dismiss counsel for ineffective assistance.

We GRANT counsel's motion to withdraw, and AFFIRM the judgment of the district court.

### Factual Background

On March 8, 2002, less than two months after being released from prison on a felony charge, Pasek and a confederate he met in prison, Randy Richardson, broke into a pawn shop in Gillette, Wyoming, and stole two pistols from a display case. The next day, they drove to Casper, where they stole a Chevy Tahoe from a dealership, donned hooded sweatshirts, bandanas, and latex gloves, and entered the East Casper Branch of the First Interstate Bank. Brandishing firearms, Pasek and Richardson announced they were robbing the bank and ordered those present to lie on the floor. They made various abusive and threatening statements. While Richardson guarded the bystanders and employees who were on the floor, Pasek removed currency from two teller stations and stuffed it in a paper bag. As they fled from the scene of the crime, currency was falling out through a rip in the paper bag. Bank personnel reported that Pasek and Richardson stole $28,425, all but $9,991 of which was ultimately recovered.

While awaiting sentencing in this case, Pasek escaped from the Goshen County Detention Center and allegedly stole another car from a dealership and

committed yet another bank robbery in Bozeman, Montana. He was subsequently arrested in Belgrade, Montana. He is currently in the custody of the State of Montana awaiting trial on charges stemming from the second bank robbery incident.

## Analysis

We review the district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Collins*, 313 F.3d 1251, 1254 (10th Cir. 2002). Issues raised for the first time on appeal are subject to a plain error standard. *United States v. Bailey*, 327 F.3d 1131, 1142 (10th Cir. 2003).

Defendant received four criminal history points on account of two misdemeanor violations he committed as a minor in 1996, and two offense level points for obstruction of justice on account of his escape from the Detention Center while awaiting sentence in this case. Defendant argues that these calculations were erroneous in three respects.

First, he argues that his two 1996 convictions should not have been treated as separate convictions for purposes of his prior criminal history because these sentences were imposed in a consolidated proceeding and based on a single guilty plea. The district court's finding that the two convictions were not related is entitled to deference, *Buford v. United States*, 532 U.S. 59 (2001), and is not

clearly erroneous. According to the pre-sentence report (PSR), which was not challenged below, his convictions were for different crimes, unauthorized use of an automobile and obtaining property by false pretenses, and were committed about a month apart. The crimes were in no way factually or legally related. Each charge has its own docket number, which was retained throughout the sentencing proceedings, and the record provides no indication that the cases were formally consolidated. In light of these factors, and contrary to Defendant's argument, the fact that these charges were resolved in a single plea agreement does not make them "related" offenses for purposes of the Guidelines. *See United States v. Alberty,* 40 F.3d 1132, 1134-35 (10th Cir. 1994); *see also United States v. Stalbaum*, 63 F.3d 537, 539 (7th Cir. 1995) (fact that sentencing occurred on same day does not establish that cases were consolidated).

Second, Defendant argues that he was a minor at the time he committed these prior offenses, that his arrest and conviction occurred more than five years before the instant offense, and thus that these prior offenses should not have been counted for his criminal history points. The relevant Sentencing Guideline, U.S.S.G. § 4A1.2(d)(2)(A), which applies to offenses committed prior to age eighteen, instructs the court to "add 2 points . . . for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense."

Defendant did not raise this objection at the sentencing hearing, and therefore we review for plain error. We find no error (let alone plain error) in the district court's calculation. Defendant was sentenced for these prior offenses on May 28, 1996, but his probation was revoked and he began to serve his two consecutive six-month terms of imprisonment on January 7, 1997. Defendant committed his bank robbery and related offenses on March 8-9, 2002, less than five years after release.

Defendant challenges his two offense level points for obstruction of justice on the ground that his escape from the Detention Center while awaiting trial did not delay his sentencing hearing, and he has not been tried for escape. These arguments are made for the first time on appeal, and Defendant did not object to the district court's reliance on the PSR; in any event, these arguments are frivolous. Escape from custody plainly is an appropriate basis for an obstruction of justice enhancement. U.S.S.G. § 3C1.1, cmt. n.4(e); *see United States v. Wiseman*, 172 F.3d 1196, 1218 (10th Cir. 1999) (upholding two-level obstruction of justice enhancement for attempted escape). That the sentencing hearing was not delayed by his escape (since he was caught as the result of an alleged commission of another bank robbery in another state) is of no avail to Defendant. *See United States v. Amos*, 984 F.2d 1067, 1072 (10th Cir. 1993). Further, that the alleged escape was not proven at trial is not significant, since if a defendant

fails to object to his PSR, barring a showing of plain error, he waives the right to challenge the district court's reliance on the PSR. *United States v. Yarnell*, 129 F.3d 1127, 1137-38 (10th Cir. 1997).

In support of each of his arguments, Defendant points out that his ability to appeal effectively has been frustrated by lack of access to federal law materials. He requested permission to be escorted from the Gallatin County Jail, where he was detained, to the nearby Gallatin Law and Justice Center, which contains a law library. He further states that his "appointed Montana lawyer is not certified in Federal Law or familiar with my Appeal objections." Br. 5. We do not agree. In light of the fact that he was represented by counsel, that he previously escaped from a detention facility, and that his arguments have been cogently presented in his *pro se* brief in this Court, we conclude that denial of his request was neither in error nor prejudicial. *See United States v. Taylor*, 183 F.3d 1199, 1205 (10th Cir. 1999) (Sixth Amendment is satisfied by offer of professional representation alone; the defendant need not be provided with access to legal materials).

In addition to Defendant's *pro se* brief, counsel filed an *Anders* brief in this Court and has moved to withdraw. Defendant has filed a motion to dismiss counsel for ineffective assistance. The fact that counsel has filed an *Anders* brief puts a special duty on this Court to examine the proceedings below with care. This we have done.

## Conclusion

We GRANT counsel's motion to withdraw, and accordingly need not rule on Defendant's motion to dismiss counsel. We AFFIRM the decision of the district court.

ENTERED FOR THE COURT


Michael W. McConnell
Circuit Judge