**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Eugene WILLIAMS,
Defendant–Appellant.**

No. 02–6388.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2003.

Candace G. Hill and Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Jamie L. Haworth and Patrick J. Bouldin, Asst. F.P. Defender, Louisville, KY, for Defendant–Appellant.

Before GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

David Eugene Williams, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 2002, Williams pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and making a false statement in connection with the attempted acquisition of that firearm in violation of 18 U.S.C. § 922(a)(6). He was sentenced to a total of twenty-one months of imprisonment.

Williams has filed a timely appeal, arguing that the district court should have reduced his base offense level from fourteen to six pursuant to USSG § 2K2.1(b)(2), which provides for such a reduction if the defendant "possessed all ammunition and firearms *solely* for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." *Id.* (emphasis added).

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Upon review, we conclude that the district court properly declined to reduce Williams's offense level to six under § 2K2.1(b)(2). A district court's factual findings in relation to the application of the Sentencing Guidelines are reviewed under a "clearly erroneous" standard, while the district court's legal conclusions are reviewed de novo. *United States v. Talley*, 164 F.3d 989, 1003 (6th Cir.1999) (citing *United States v. Garner*, 940 F.2d 172, 174 (6th Cir.1991)). This court construes the language of § 2K2.1(b)(2) literally, and allows the downward adjustment only if the defendant can show that he possessed the firearm "solely" for lawful sporting purposes or collection. *United States v. Clingan*, 254 F.3d 624, 626 (6th Cir.2001). "Solely" means "to the exclusion of alternate or competing" uses. *Id.* Finally, the defendant bears the burden of proving, by a preponderance of the evidence, that a reduction in the offense level pursuant to § 2K2.1(b)(2) is merited. *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993).

Williams has not met his burden of establishing that he was entitled to a reduction under § 2K2.1(b)(2). Williams argues that many of the factors which the court must consider support the conclusion that he was entitled to such a reduction. Specifically, he notes that his testimony reflected that he possessed one unloaded firearm, that the firearm had been kept in an "out building" and was stored with fishing equipment, that the firearm had been purchased for shooting snakes and for target practice, and that he has no prior convictions for weapons related offenses. Williams also argues that his possession of the .25 caliber handgun probably did not violate state law because the firearm was not loaded. While these factors may support application of § 2K2.1(b)(2), the record clearly reflects that Williams did not possess the firearm "solely" for sporting purposes, because he acknowledged that he took possession of the firearm in order to pawn it in exchange for cash. If a defendant possessed a firearm while selling it to a pawnshop to generate cash, then that is not possession "solely for lawful sporting purposes or collection." *See Clingan*, 254 F.3d at 626. Hence, the district court properly declined to reduce Williams's base offense level under § 2K2.1(b)(2).

Accordingly, we affirm the judgment of conviction and sentence.