**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS FLOYD OSBORNE,

Defendant-Appellant.

No. 05-8117

(D. of Wyo.)

(D.C. No.05-CR-122-D)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Thomas Osborne, appearing pro se[1], pleaded guilty to

possession of a firearm by a person convicted of domestic violence. At

sentencing, the district court declined to apply a provision of the United States

Sentencing Guidelines (USSG) that reduces the offense level when a firearm is

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe Osborne's appellate filings liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

possessed "solely for a sporting purpose." We hold that the district court correctly applied the USSG on the ground that Osborne had used one of his rifles in a feigned suicide attempt during an incident of domestic unrest. Accordingly, we AFFIRM the district court.

## I. Background

Osborne's unlawful possession of firearms was discovered as a result of events at his home on the Wind River Indian Reservation on May 8, 2005. That morning, after returning from a dance and party that he had attended with his ex-wife, Laura Wallowingbull, her sister, and her sister's boyfriend, Osborne asked Wallowingbull if she loved him. Not receiving the desired reply, he grabbed a hunting rifle, and after getting his car keys from Wallowingbull, left their shared home.

Upon his return, Osborne found Wallowingbull's sister with her boyfriend on the front porch of the home. Asked what he intended to do with the rifle in his possession, Osborne replied "I'm going to kill myself." Wallowingbull's sister became concerned and asked Osborne to relinquish the gun, but he refused. Osborne then walked away from the porch only to return momentarily with the rifle held across his chest and pointed skywards. When Osborne was within 25 feet of Wallowingbull's sister and her boyfriend, he fired the gun once into the air. Osborne then placed the rifle in a horse trailer and drove away.

Osborne's shot awakened Wallowingbull who believed Osborne may have hurt or killed himself. As a result, Wallowingbull called tribal police. Osborne returned home before the police arrived and became angry upon learning from Wallowingbull that she had contacted authorities. He retrieved his rifle from the horse trailer and again drove away. He was arrested a short time later by tribal police and the Fremont County Sheriff for DUI and other tribal infractions.[2]

Pursuant to a plea agreement, Osborne pleaded guilty on August 15, 2005, to one count of unlawful possession of a firearm by a person previously convicted of a crime of domestic violence in violation of 18 U.S.C. § 933(g)(9). The plea agreement included a stipulation between Osborne and the government that Osborne's possession of four rifles was "solely for lawful sporting purposes" and that he therefore qualified for a reduction of 7 levels in his Guideline calculation pursuant to USSG § 2K2.1(b)(2).[3]

_____

[2] Osborne was not in possession of his rifle when he was arrested.

[3] USSG § 2K2.1(b)(2) provides,

> If the defendant, other than a defendant subject to subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5), possessed all ammunition and firearms *solely for lawful sporting purposes* or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.

(emphasis added).

In its presentence report (PSR), the probation office argued that Osborne should not get the benefit of USSG § 2K2.1(b)(2) because of his use of the weapon in a non-sporting manner on the morning of May 8, 2005. Both Osborne and the government objected, contending that Osborne's discharge of the weapon was not assaultive or otherwise unlawful and that the denial of the reduction would result in a disproportionately harsh sentence. The district court heard the objections and adopted the rationale of the PSR. The court calculated Osborne's offense level as 13, which, when combined with his criminal history category of II, resulted in a Guideline range of 15–21 months incarceration. Osborne was sentenced to 15 months in prison and three years of supervised release. He filed a timely appeal.

## II. Discussion

Since *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness. This review "encompasses both the reasonableness of the length of the sentence, as well as the method by which the sentence was calculated." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Osborne challenges only the method by which the sentence was calculated, arguing that the district court erred in calculating the applicable Guideline range by wrongfully denying him the "sporting purposes" reduction pursuant to USSG § 2K2.1(b)(2).

In considering whether the district court erred in its calculation of the applicable Guideline range, we review the district court's factual findings for clear error. *Kristl*, 437 F.3d at 1054. We review its legal conclusions regarding the application of the guidelines *de novo*. *Id.*

As we recently reaffirmed, it is "'the defendant's burden to show the applicability of U.S.S.G. § 2K2.1(b)(2).'" *United States v. Sanders*, 449 F.3d 1087, 1090 (10th Cir. 2006) (quoting *United States v. Collins*, 313 F.3d 1251, 1254 (10th Cir. 2002)). The provision requires a defendant to show both that (1) he "possessed all ammunition and firearms solely for lawful sporting purposes or collection" and (2) that he "did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." USSG § 2K2.1(b)(2). Although Osborne was charged with unlawful discharge of a firearm, this tribal charge remained unresolved at the time of sentencing and the government does not argue on appeal that Osborne used his gun unlawfully. Therefore, our analysis turns on whether Osborne possessed his weapons "solely for lawful sporting purposes or collection."

The purpose for which a firearm is possessed is "determined by the surrounding circumstances." USSG § 2K2.1 cmt. 7. Among the relevant surrounding circumstances are "the location and circumstances of possession and actual use, and the nature of the defendant's criminal history." *Id.* Here, the

district court found Osborne actually used one of his guns in order to punctuate his emotional anguish in the context of a feud with his ex-wife toward whom he had been convicted of domestic violence. He did so while intoxicated, within 25 feet of his ex-wife's relatives and also within feet of the trailer in which his ex-wife slept. Not inconsequentially, the nature of Osborne's criminal history of domestic violence is the very reason why his possession of firearms constituted a federal offense.

As we noted in *Sanders*, "although. . . [the defendant] had obtained the rifles for hunting and that had been their sole prior use, the court could properly find that in addition to this sporting purpose [the defendant] had acquired [a] new purpose for possessing the firearms," specifically, of employing them as emotional props in quarrels with his ex-wife. *Sanders*, 449 F.3d at 1090. Thus, we cannot say that the district court committed clear error in finding that Osborne did not meet his burden of showing that his exclusive purpose for possessing his weapons was "sporting."

### III. Conclusion

For the foregoing reasons we find Osborne's sentence to be reasonable and

therefore AFFIRM the district court.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge