**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4139

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WYNN STEPHEN PHILLIPS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (3:04-cr-00463-MJP)

Submitted: October 11, 2006      Decided: November 7, 2006

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Babb, HOWLE & BABB, LLP, Sumter, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wynn Stephen Phillips appeals from the twenty-four month sentence imposed pursuant to his guilty plea to selling a firearm to an out-of-state resident. He asserts that his guideline range was miscalculated and that his sentence was unreasonable. We affirm.

I.

Phillips first contends that the district court erred in failing to calculate his offense level based on the fact that he was a firearms collector under U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2004) (providing for reduced offense level if defendant possessed "all ammunition and firearms solely for lawful sporting purposes or collection"). The commentary to the guidelines provides that, while determining whether the firearms were possessed for collection purposes, the court should consider the surrounding circumstances, including the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession, the nature of defendant's criminal history, and the extent to which possession was restricted by local law. USSG § 2K2.1(b)(2), cmt. (n.7). We find that the plain language of the guideline and the commentary support the conclusion that Phillips was not eligible for the § 2K2.1(b)(2) reduction because he was involved in selling firearms. United States v.

Miller, 224 F.3d 247, 251 (3d Cir. 2000) (holding that the guideline requires that the firearms be possessed only, not sold, transferred, or used); see also United States v. Clingan, 254 F.3d 624, 625-26 (6th Cir. 2001) (affirming district court's denial of the reduction where defendant sold guns to pawnshops to generate cash).

Moreover, even if the nature of Phillips' conviction were not sufficient to bar application of the guideline, the circumstances of this case do not support the conclusion that the firearms and ammunition were possessed "solely" for collection purposes. All the factors in the commentary cut against Phillips. He possessed numerous firearms, including a machine gun and a silencer, and over 9,000 rounds of ammunition; he was actively involved in marketing and selling firearms; and he was a convicted sex offender prohibited from possessing firearms. These circumstances indicate that Phillips' possession was, at least in part, for the purpose of illegally selling firearms. Moreover, during Phillips' plea colloquy, the Government provided, as part of the factual basis, that Phillips was not a collector. Phillips agreed that the factual basis was true. Accordingly, the district court properly determined that Phillips was not eligible for a reduction in his offense level for possession of the guns as a "collector."

## II.

Phillips next contends that the district court improperly enhanced his sentence based on his possession of guns which were the subject of counts dismissed pursuant to his plea agreement. He asserts that this fact-finding was inappropriate after United States v. Booker, 543 U.S. 220 (2005), and that it violated his plea agreement. However, sentencing courts have always maintained the power to consider the broad context of a defendant's conduct, even when the court's view conflicts with a jury verdict, see United States v. Watts, 519 U.S. 148, 152 (1997), and Booker did "not in the end move any decision from judge to jury, or change the burden of persuasion." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 75 U.S.L.W. 3167 (U.S. Oct. 2, 2006) (No. 05-11378). Finally, the plea agreement explicitly provided that, although the remaining counts of the indictment were dismissed, there was "no limitation" on the district court's consideration of Phillips' background, character, and conduct for purposes of imposing sentence. Thus, the court did not err in determining that Phillips was responsible for firearms that were the subject of dismissed counts.

## III.

Finally, Phillips contends that his sentence was unreasonable because the district court did not make explicit

findings regarding his "collector" status and did not provide reasoning for choosing the imposed sentence.  With regard to his collector status, Phillips asserts that the district court failed to make the findings of fact required by his objection.  However, there were essentially no disputed facts.  The only issue in dispute was whether the facts of the case supported a finding that Phillips was a "collector" under the meaning of USSG § 2K2.1(b)(2). When the district court overruled Phillips' objection, the court implicitly decided that Phillips did not meet the guideline requirements.

The determination of whether Phillips' circumstances permitted a reduced offense level under USSG § 2K2.1(b)(2) is a question of law that is reviewed de novo.  United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).  Thus, explicit findings by the district court are not necessary for meaningful appellate review.  As discussed above, the district court correctly concluded that the guns were not possessed solely for collection purposes.

Turning to Phillips' claim that the district court provided insufficient reasoning for choosing a twenty-four month sentence, we have held that a sentencing court is presumed to have considered the factors set out in § 3553(a) unless the record indicates otherwise, and that it need not specifically address each factor.  United States v. Legree, 205 F.3d 724, 728-29 (4th Cir.

2000) (dealing with denial of motion to reduce sentence); see also United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006) ("district court need not explicitly discuss every § 3553(a) factor on the record"), petition for cert. filed (June 20, 2006) (No. 05-11659). Here, the district court explicitly stated that it considered the § 3553(a) factors, as well as Phillips' background, the arguments of counsel, and the guideline range. Phillips has presented no reason to doubt the veracity of the court's statement, and thus, we conclude that Phillips' sentence was reasonable.

Accordingly, we affirm Phillips' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    AFFIRMED