**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4233**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL KEITH NICHOLS,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Chief District Judge.  (1:08-cr-00232-JAB-1)

Submitted:  November 5, 2009        Decided:  January 4, 2010

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT EARLY HARRIS & WHEELER, LLP, High Point,
North Carolina, for Appellant.  Anna Mills Wagoner, United
States Attorney, Terry M. Meinecke, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Keith Nichols pled guilty to unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of thirty months imprisonment. He appeals his sentence, alleging that the district court erred in failing to make a reduction under U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) (2008), for firearms possessed solely for lawful sporting purposes or collection, and failed to consider properly the 18 U.S.C. § 3553(a) (2006) factors in imposing sentence. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. 128 S. Ct. at 597. After determining whether the district court properly calculated the defendant's advisory guideline range, we must then consider whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 128 S. Ct. at 596-97; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the

2

circumstances[.]" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Nichols first contests the district court's decision that the exception in § 2K2.1(b)(2) for lawful sporting purposes or collection did not apply. Subsection (b)(2) provides that, "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition," the offense level should be reduced to 6. The commentary to § 2K2.1 states that the "surrounding circumstances" relevant to the determination include "the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." USSG § 2K2.1 cmt. n.6. Nichols contends that the district court erred by misinterpreting the term "solely." The district court's interpretation of a guideline term is a legal issue reviewed de novo. United States v. Souther, 221 F.3d 626, 628 (4th Cir. 2000).

Nichols argues that the district court overemphasized the term "solely" by holding that his non-sporting use of one firearm disqualified him from receiving the reduction. He

relies on United States v. Gaines, 276 F. Supp. 2d 570, 573 (N.D. W. Va. 2003) (holding that defendant was not disqualified simply because he pawned one of two firearms otherwise used only for hunting).  He also argues that this court should "give great deference to the now constitutionally recognized significance of protection," based on the Supreme Court's decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008) (holding that the Second Amendment guarantees an individual's right to possess and carry arms).

Gaines is not binding here, and Heller is inapposite because it does not deal with violations of § 922(g)(1).  We held in United States v. Solomon, 274 F.3d 825, 828-29 (4th Cir. 2001), that "even a sportsman or collector is not entitled to a reduction under § 2K2.1(b)(2) unless he possesses a firearm exclusively for sporting or collection purposes."  In Solomon, while not directly addressing the issue presented here, we explicitly equated "solely," as used in § 2K2.1(b)(2) with "exclusively."  Therefore, we conclude that the district court correctly applied § 2K2.1(b)(2) in this case and correctly denied Nichols the reduction.

Nichols next contends that the district court failed to consider the nature of his offense as required under § 3553(a)(1) because, although the court acknowledged that Nichols may have believed his conduct was legal, the court did

4

not find that factor sufficient to warrant a sentence of probation. Nichols also asserts that the district court's ruling indicated that "it believed that considering the nature and circumstances of the offense was limited to determining a sentence within the guideline range."

In § 3553(a)(1), the district court is directed to consider "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" "When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" Carter, 564 F.3d at 328 (quoting Gall, 128 S. Ct. at 597). Thus, "'[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)); see United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Here, the court considered the nature of the offense as required under § 3553(a)(1), as well as Nichols' history and characteristics. The court's disagreement with Nichols' position was not a procedural error. Moreover, the record contains nothing that suggests the court believed it could not impose a sentence below the guideline range. Before imposing sentence, the district court noted that Nichols may have been

5

ignorant of the fact that his conduct was unlawful, that he had a consistent history of gainful employment, and that he had accepted responsibility for his offense.  The court stated that, "[t]aking all these matters into account," a sentence within the guideline range was appropriate.  Although the court did not discuss all the § 3553(a) factors, it responded to the parties' arguments and provided an individualized assessment.

Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED